IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODEL R. TURNER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-1372 |
| JACOB LOWDEN, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before this Court are (1) Defendant Bank of America's Motion to Set Aside Entry of Default and for Leave to Respond to the Complaint (ECF No. 11) and (2) Defendant Bank of America's Motion to Dismiss (ECF No. 12). These motions assert that the *pro se* Plaintiff Turner failed to properly serve Bank of America and that he has failed to adequately state a cause of action. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Bank of America's Motion to Set Aside Entry of Default and for Leave to Respond to the Complaint is GRANTED. For similar reasons, Defendant Bank of America's Motion to Dismiss (ECF No. 12) is also GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se*

1

litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff Ridel R. Turner ("Plaintiff") filed this action against Jacob Lowden ("Mr. Lowden") and Bank of America[1] on May 4, 2012. *See generally* Compl. The claims in the Complaint appear to relate to a residential home loan that Plaintiff alleges Defendants originated and serviced. *See* Compl. at 5.[2] While Plaintiff's Complaint is not structured into distinct counts, Plaintiff appears to make claims for breach of contract and unjust enrichment.[3] *See id.* On May 4, 2012, this Court entered an Order granting Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 3) and also directing Plaintiff to provide information to the United States Marshall Service (the "U.S. Marshalls") so that the U.S. Marshalls could serve Defendants. *See* Order, May 14, 2012, ECF No. 3.

Despite the Court's suggestion that Plaintiff check with the Maryland State Department of Assessments and Taxation to determine whether Bank of America had a resident agent in Maryland, Plaintiff instead gave the U.S. Marshalls the address of "9700 Bissonnet Street, Suite 1500, Houston Texas 77036" for Bank of America.[4] The U.S.

---

[1] Defendant's Motions point out that the Complaint names "Bank of America," which is a forfeited corporate entity. *See, e.g.,* Def.'s Mem. Supp. Mot. Set Aside, ECF No. 11-1, at 2. However, because the Complaint appears to relate to a residential home loan, Bank of America, N.A. has responded to the allegations "on behalf of the entity sued erroneously as 'Bank of America.'" *Id.* at 1-2 n.1.

[2] Because Plaintiff's Complaint contains neither paragraph nor page numbers, the Court refers to pages of the Complaint by their ECF page numbers.

[3] Specifically, Plaintiff alleges that Bank of America charged him an undisclosed $12,700 fee and failed to pay "back bills" to Verizon and Worldcom Wireless. Plaintiff also alleges that Bank of America has been unjustly enriched by delaying a loan modification and charging double the market interest rate during that period.

[4] No summons has issued for defendant Jacob Lowden.

Marshall Service then sent the summons and Complaint to the Bissonnet Street address where it was signed for and received by some unknown entity or person. *See* United States Marshall Service Process Receipt and Return, ECF No. 5. The 9700 Bissonnet Street address, however, is not the address of Bank of America's registered agent in Texas, nor is it an address listed on file with the State Department of Assessments and Taxation.

In a letter received by the Court on March 21, 2013 (ECF No. 8), Plaintiff requested entry of default against Bank of America. On March 27, 2013, the Clerk of Court entered an Order of Default (ECF No. 9) against Bank of America.[5] Bank of America first became aware of the suit and subsequent entry of default on April 16, 2013 when Plaintiff walked into a Bank of America branch in Glen Burnie, Maryland and gave a branch employee a copy of the Order of Default.

On April 26, 2013, Bank of America filed its Motion to Set Aside Default and for Leave to Respond to the Complaint (ECF No. 11). On May 17, 2013, Bank of America also filed a Motion to Dismiss (ECF No. 12). Thereafter, on May 22, 2013, the court received two letters from Plaintiff (ECF Nos. 14, 15) appearing to contest Bank of America's efforts to dismiss the case and requesting that this Court enter default judgment. On May 31, 2013, however, this Court returned Plaintiff's letters due to Plaintiff's failure to provide a certificate of service pursuant to Local Rule 102 (D. Md. 2011) and Rule 5 of the Federal Rules of Civil Procedure (ECF Nos. 16, 17). Plaintiff then sent another letter to the Court,

---

[5] On April 3, 2013, the Court received a letter from Plaintiff requesting the entry of default judgment against "Bank of America." *See* ECF No. 10.

attaching a certified mail receipt.[6]

## STANDARD OF REVIEW

### I. Motion to Set Aside Default Pursuant to Rule 55(c).

Under Rule 55 of the Federal Rules of Civil Procedure, the entry of a default judgment is a two-step process. Rule 55(a) governs the initial step—the entry of default by the clerk of the court—which occurs "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The second step—default judgment—is entered by the court. *See* Rule 55(b). However, "[a] defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

Moreover, pursuant to Rule 55(c), the "Court may set aside an entry of default for good cause shown."[7] Fed. R. Civ. Proc. 55(c). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). When addressing a Rule 55(c) motion to set aside a default, this Court considers the following factors:

---

[6] The receipt appears to be dated June 4, 2012. Presumably, the purpose of the receipt is to show that Plaintiff has been in contact with Bank of America and that Bank of America had actual notice of the suit. *See* Pl.'s Letter, June 6, 2013, at 2 ("[H]ere is one copy of the Certified Mail Receipts I send with each payment each month to Bank of America home loans . . . ."). Unlike Plaintiff's earlier correspondence, this letter was not returned—even though it appears that Plaintiff again failed to provide proof of service.

[7] Had a default judgment been entered, this Court would have had to apply the more demanding standard of Rule 60(b). *Hearron v. premier Mfg. Support Servs., Inc.*, No. 10-2422-KHV, 2010 WL 4921789, at *2 (D. Kan. Nov. 29, 2010); *see also Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

4

> [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). Finally, motions pursuant to Rule 55(c) are left "largely within the discretion of the trial judge." *Id.* at 205.

## II. Motion to Dismiss Pursuant to Rule 12(b)(5).

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4. *See Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985). Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Thus, when there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored. *Armco*, 733 F.2d at 1089.

## III. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests

5

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

6

alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664. Finally, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.' " *Weller v. Dept. of Social Servs. for City of Baltimore*, 901 F.2d 397, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

## ANALYSIS

I. **Bank of America's Motion to Set Aside Entry of Default and for Leave to Respond to the Complaint.**

Bank of America first moves to set aside the entry of default entered by the Clerk on March 27, 2013 (ECF No. 9). In support of its position, Bank of America argues that Plaintiff failed to effectuate proper service of process; that Plaintiff would not be prejudiced by setting aside the entry of default; and that Bank of America has a meritorious defense in that Plaintiff's Complaint would not survive a Rule 12(b)(6) Motion to Dismiss.

### A. Rule 55(c) & Failure to Effectuate Service of Process

Rule 55(c) permits trial courts to "set aside an entry of default for good cause shown." However, before a court may enter a default or a default judgment, the defendant must receive service of process. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353,

7

354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant."). Without proper service of process, this Court is without jurisdiction over the defendant. *Fed. Deposit Ins. Corp. v. Spartan Mining Co., Inc.*, 96 F.R.D. 677, 680 (S.D.W.V. 1983) ("Service of process serves . . . dual function[s], both related to the jurisdiction of the court. It is necessary to bring a defendant within the power of the court. It also serves to satisfy the requirements of due process by giving notice to a defendant of the proceeding against him."). Thus, failure to effectuate proper service of process would constitute "good cause" for purposes of Rule 55(c). *See Hearron v. Premier Mfg. Support Servs., Inc.*, 2010 WL 4921789, at *2 (D. Kan. Nov. 29, 2010) (setting aside default where defendant was not properly served).

Rule 4(h) of the Federal Rules of Civil Procedure states the requirement for service of process on a corporation in the federal courts. Under Rule 4(h)(1), one method by which a plaintiff may effectuate service on a corporation is "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."[8] Alternatively, plaintiffs may serve process in a manner approved by state law for an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *See* Rule 4(h)(1)(A); Rule 4(e)(1). Thus, Plaintiff could

---

[8] This method only applies to corporations within a judicial district of the United States. There is a separate method of service on a corporation when the corporation exists he only other methods for service of process on a corporation when service is performed outside a judicial district of the United States. *See* Rule 4(h)(2).

8

have satisfied the requirements of Rule 4 in this case by looking to the rules for service of process in Maryland (the state where the district court is located) or Texas (where Plaintiff attempted to effectuate service). Maryland Rule 2-124(d) provides:

> Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process.

In addition, Texas permits service of process by (1) serving the Texas Secretary of State (when suit is made against a foreign corporation), *see* Tex Bus. Orgs Code § 9.011(b)(6); (2) serving the president, vice-president, or registered agent of the corporation, *see* Tex Bus. Orgs. Code §§ 5.201(a), (b), 5.225(1); or (3) serving a president or bank manager at any office located in Texas, *see* Tex. Civ. Practice and Rem. Code § 17.028(b).

Here, Plaintiff attempted service on Bank of America by using the address "9700 Bissonnet Street, Suite 1500, Houston, Texas 77036." Bank of America, however, denies that it has (or ever did have) an office at that address; it further denies that that address was ever used by a resident agent of Bank of America.[9] Moreover, the address supplied by Plaintiff does not match the address for Bank of America's resident agent on file with the

---

[9] In support of its position, Bank of America submits the Affidavit of Matthew R. Stahlhut (ECF No. 11-2), assistant vice-president and operations team manager, who states that "Bank of America, N.A. has not maintained office space of accepted service of process at 9700 Bissonnet Street, Suite 1500, Houston, Texas 77036." Bank of America also submits a print-out of a "Statement of Change of Address of Registered Agent," dated April 19, 2010, from the Office of the Secretary of State of Texas, which identifies the address of Bank of America's registered agent, CT Corporation System, as "350 N. St. Paul St., Suite 2900, Dallas, TX 75201-4234." *See* ECF No. 11-3.

9

Maryland State Department of Assessments and Taxation[10] or the Texas Secretary of State.[11] *See* Def.'s Mem. Supp. Mot. Set Aside, ECF No. 11-1, at 6.

Plaintiff has not disputed the appropriateness of the address provided for service of process; instead, Plaintiff alleges that Bank of America had notice of the action because of his correspondence with Bank of America regarding his loan modification and payments. *See* ECF No. 18. Although Plaintiff refers to other correspondence with Bank of America, Plaintiff only attaches a certified mail receipt addressed to "BAC Home Loans, P.O. Box 660833, Dallas TX 75266-0833." *See id.* Thus, Plaintiff has baldly asserted that Bank of America had actual notice, but he has not provided any proof of the content of those communications. *See O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (noting that, when service of process is contested, the burden of proof is on the plaintiff). Importantly, there is no indication that these communications signaled to Bank of America that some action in response was necessary, as would have been clear had the summons been properly served. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (holding that the "plain requirements for the means of effecting service of process may not be ignored" where the defendant is reasonably confused about the necessity to respond).

### B. Discretionary Considerations

Even though this Court finds that Plaintiff's failure to serve Bank of America is sufficient to set aside the default, this Court notes that the circumstances of this particular case also favor the Court's conclusion. When addressing a Rule 55(c) motion to set aside a default, the following factors are relevant:

---

[10] 351 Camden Street, Baltimore, Maryland 21201.
[11] 350 N. St. Paul Street, Suite 2900, Dallas, Texas 7201-4234.

> [1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

Here, each of those factors favor setting aside the default. First, Bank of America has raised a meritorious defense; specifically, it argues that Plaintiff has failed to state a claim for which relief may be granted under *Iqbal* and *Twombly*.[12] *See Washington v. Equifax Credit Bureau*, No. 1:08-cv-132, 2008 WL 2691708, at *3 (N.D. Ind. July 2, 2008) (stating that "plausible meritorious defenses" were raised where defendant argued, *inter alia*, that plaintiff had failed to state a claim for which relief could be granted). Second, Bank of America acted with reasonable promptness. The Motion to Set Aside was filed within ten days of April 16, 2013, the date it alleges it became aware of the entry of default. Third, the personal responsibility of Bank of America was minimal; Plaintiff used an improper address to effectuate service of process, and Plaintiff has not demonstrated that Bank of America had actual knowledge of the suit before default was entered. Fourth, Bank of America has been prejudiced by the denial of an opportunity to defend, and Plaintiff has not demonstrated any prejudice to his interests. Finally, there is no history of dilatory action on Bank of America's part in this action; it acted swiftly after it alleges it became aware of the suit, and its filings have been timely. Accordingly, this Court will set aside the default and allow Bank of America to answer the Complaint or take other appropriate action.

---

[12] Of course, insufficient service of process is a defense that the Federal Rules of Civil Procedure expressly recognize as a defense, s*ee* Rule 12(b)(5).

## II. Bank of America's Motion to Dismiss.

A few weeks after filing its Motion to Set Aside the Default, Bank of America also filed a Motion to Dismiss (ECF No. 12).[13] Bank of America's arguments closely parallel those it raised in its Motion to Set Aside the Default—namely, the failure to provide adequate service of process, and the failure to state a claim for which relief may be granted.

### A. Failure to Effectuate Service of Process.

As discussed *supra* Part I.A, Plaintiff failed to provide adequate service of process to Bank of America. Accordingly, dismissal is proper under Rule 12(b)(5).

### B. Failure to State a Claim for Which Relief May Be Granted.

Although Plaintiff's failure to effectuate service of process provides sufficient grounds for dismissal of this action, the Court also finds that Plaintiff fails to state claims for which relief may be granted pursuant to Rule 12(b)(6) and the plausibility standard laid out in *Iqbal* and *Twombly*. With respect to Plaintiff's breach of contract claim, Plaintiff has failed to allege facts supporting all of the required elements. Under Maryland law, Plaintiff must allege that Bank of America owed Plaintiff a contractual duty and that Defendant breached that duty. *See Robinson v. GEO Licensing Co., LLC*, 173 F. Supp. 2d 419, 423 (D. Md. 2001). Here, Plaintiff has failed to plausibly allege a breach of duty by Bank of America. With respect to the $12,700 charge, Plaintiff's claim arises out of an alleged failure to disclose. However, the settlement statement included in Plaintiff's Exhibit 1 (ECF No. 1-1) contradicts that notion, as it clearly discloses the charge. *See* Pl.'s Compl. Ex 1, ECF No. 1-1, at 3. Thus, there is no plausible claim. Similarly, the Settlement Statement does not

---

[13] Bank of America acknowledged that the Court had not yet granted its Motion to Set Aside, but nevertheless filed its Motion to Dismiss "in an abundance of caution." *See* Def.'s Mem. Supp. Mot. Dismiss, ECF No. 12-1, at 1 n.2.

provide any factual support for the notion that Bank of America was contractually obligated to pay Verizon and Worldcom Wireless. Accordingly, Plaintiff's breach of contract allegations fail to state a plausible claim for which relief may be granted.

In addition, Plaintiff has failed to state a claim for unjust enrichment.[14] Under Maryland law, the elements of unjust enrichment are "(1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow the defendant to retain the benefit without the paying of value in return." *Jackson v. 2109 Brandywine, LLC*, 180 Md. App. 535, 574, 952 A.2d 304, 327 (Md. Ct. Sp. App. 2008). Plaintiff's sole allegation with respect to the claim is that "Bank of America has been dragging out a lone [sic] modification for over two years for double the market entrust [sic] rate." Pl.'s Compl., at 5. Plaintiff has not pled any plausible facts giving rise to inequity that support this bare, conclusory statement.[15] Thus, Plaintiff's Complaint fails to state a plausible claim for unjust enrichment.

## CONCLUSION

For the reasons stated above, Defendant Bank of America, N.A.'s Motion to Set Aside Entry of Default and for Leave to Respond to the Complaint (ECF No. 11) is GRANTED. In addition, Defendant Bank of America, N.A.'s Motion to Dismiss (ECF No. 12) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

---

[14] In its Memorandum in Support of its Motion to Dismiss, Bank of America presented several arguments to address a claim under the Home Affordable Modification Program. *See* Mem. Supp. Mot. Dismiss, at 12. As there is nothing in the Complaint to suggest that Plaintiff is making this type of claim, the Court will not address it.

[15] Moreover, unjust enrichment would be inappropriate if the relationship was governed by a contract, which Plaintiff appears to believe exists. *See FLF, Inc. v. World Publ'ns, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1988) ("It is settled law in Maryland, and elsewhere, that a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties.").

A separate Order follows.

Dated: October 15, 2013  /s/
                         Richard D. Bennett
                         United States District Judge